IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH SEWELL and
DEBORAH NICOSIA SEWELL                                                                PLAINTIFFS

V.                                                                      CIVIL ACTION NO. 5:16-CV-55-KS-MTP

BAD BOY ENTERPRISES, LLC, et al.                                                       DEFENDANTS


ORDER

This matter is before the Court on the Motion to Set Aside Rule 54 Judgment Entered by Jefferson County Court After Removal of this Matter to Federal Court or in the Alternative to Reconsider and Set Aside Judgment ("Motion to Set Aside") [32] and Motion for Reconsideration [43] filed by Plaintiffs Joseph and Deborah Sewell (collectively "Plaintiffs"), and the Motion to Strike [45] filed by Defendants Charging Systems International, Inc. and Pro-Charging Systems, LLC, and joined in by Anderson Power Products, Inc., Textron, Inc. ("Textron"), and Bad Boy Enterprises, LLC ("BBE") (collectively "Defendants").  After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Set Aside [32] is not well taken and should be denied. The Court further finds that the Motion for Reconsideration [43] and Motion to Strike [45] should be denied as moot.

The Magistrate initially gave Plaintiffs twenty (20) days after the appearance of Defendant Textron, to file any motion for reconsideration of the state court's dismissal of BBE.  (*See* Magistrate Order [15] at ¶ 3.)   Because Textron filed its Answer [26] on October 10, 2016, Plaintiffs' motion was

due, at the latest, by October 30, 2016.[1] Plaintiffs filed their Motion for Enlargement of Time [27] on November 17, 2016, after this deadline had expired. Because Plaintiffs did not reference the Magistrate Order [15] in their Motion for Enlargement of Time [27], the Court incorrectly assumed Plaintiffs were referring to some deadline for reconsideration set by the state court and denied the motion.[2] Despite the Court's denial of their Motion for Enlargement of Time [27] and despite the deadline to file having expired, Plaintiffs nevertheless filed their untimely Motion to Set Aside [32] on November 23, 2016, without seeking leave of court. On December 15, 2016, Plaintiffs filed their Motion for Reconsideration [45] of the Court's denial of their Motion for Enlargement of Time [27]. Defendants responded that same day by filing the Motion to Strike [45] the Motion for Reconsideration [43].

Notwithstanding the timing issues which would cause the Court to deny Plaintiffs' Motion to Set Aside [32], the motion itself is based upon a faulty reading of the judgment entered by the state court pursuant to Mississippi Rule of Civil Procedure 54(b).[3] Plaintiffs read the judgment to be a dismissal of all claims pending in this action and to be improper because, at its date of entry, jurisdiction over the remaining claims had been removed to this Court. In fact, the judgment reads:

---

[1] Textron actually appeared in this case earlier by filing a Joinder [24] to the Notice of Removal [1] on September 15, 2016.

[2] The Court would note that the Motion for Enlargement of Time [27] would have been denied regardless, as it was filed after the deadline had expired.

[3] The Motion to Set Aside [32], despite its title asking for reconsideration in the alternative, does not request the Court reconsider the state court's order granting summary judgment to BBE.

>IT IS THEREFORE ORDERED AND ADJUDGED that final judgment is hereby entered pursuant to Miss. R. Civ. P. 54(b) dismissing from this cause with prejudice Defendant Bad Boy Enterprises and all of the Plaintiffs' claims against it.  *This dismissal does not terminate the action as to any of the other claims or parties hereto.*

(State Court Judgment [33], Exhibit A) (emphasis added).   This judgment refers only to BBE, the non-diverse defendant, and the claims against it, over which this Court has never had jurisdiction.[4]   Because the judgment deals only with the non-diverse party and claims over which the Court does not have jurisdiction, the Motion to Set Aside [32] will be **denied.**

Because the Court finds that the Motion to Set Aside [32] should be denied regardless of the timing issues, the Motion for Reconsideration [43] and Motion to Strike [45] will be **denied as moot.**

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Set Aside [32] is **denied.**

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Reconsideration [43] is **denied as moot.**

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike [45] is **denied as moot.**

SO ORDERED AND ADJUDGED this the   3rd   day of January, 2017.

                                                   s/Keith Starrett
                                                   UNITED STATES DISTRICT JUDGE

---

[4] Though the Court is hesitant to interpret a state court judgment dealing with claims over which it has no jurisdiction, it seems apparent to the Court that the only purpose of this judgment is to give Plaintiffs the right to appeal the dismissal of BBE without petitioning the state appellate for an interlocutory appeal.   Why Plaintiffs seek to vacate this judgment, then, is puzzling.